IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CORNELIUS RAMON WYATT,          §
TDCJ-CID NO.631802,             §
          Petitioner,           §
v.                              §    CIVIL ACTION NO. H-10-3134
                                §
RICK THALER, *et al.*,          §
          Respondents.          §

<u>MEMORANDUM AND ORDER ON DISMISSAL</u>

Petitioner Cornelius Ramon Wyatt, a state inmate incarcerated in the Wynne Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging disciplinary proceeding number 20100270158. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows:

<u>BACKGROUND AND CLAIMS</u>

Petitioner reports that he was found guilty of a disciplinary infraction for which he was punished with line class reduction, cell and recreation restrictions, and loss of thirty days of good time credit. (Docket Entry No.1). His administrative appeals were denied. (<u>Id.</u>). Petitioner challenges the disciplinary conviction on due process grounds. He also complains that he has been denied equal protection of the law because inmates participating in a sanctioned "faith based program" receive special treatment with

respect to disciplinary infractions, education, lock-downs and classification.  (Id.).

ANALYSIS

Due Process

According to well-settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  Id.  Moreover, a reduction in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause.  Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits and be eligible for mandatory supervised release.  Id.  Although petitioner indicates that he lost thirty days of good conduct time as a result of the disciplinary conviction, he also indicates that he is not eligible for mandatory supervised release.

(Docket Entry No.1). Because petitioner has no constitutionally protected interest in such release, he states no cognizable federal habeas claim in this petition.

## Equal Protection

Petitioner claims that Warden Pittman established a faith-based program on the medium custody block that "allows those offenders to receive special treatment than those housed in the same custody level" as petitioner and that the special treatment relates to disciplinary infractions, education, lockdowns, and classifications. (Docket Entry No.1).

The Equal Protection Clause of the Fourteenth Amendment to the Constitution directs states to treat "all persons similarly situated" alike. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff who asserts an equal protection violation has the burden of proving the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). "Discriminatory purpose ... implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group[.]" Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotations, citations and footnote omitted).

In this case, while petitioner states he was treated differently than other prisoners on the unit with the faith-based

3

program with respect to disciplinary infractions, education, lockdowns, and classifications, he does not state this treatment was based on Warden Pittman's desire to discriminate against him based on his membership in an identifiable group. Nor does petitioner allege that his current classification or disciplinary conviction is the result of any act or omission by Warden Pittman. Accordingly, petitioner has not alleged a cognizable equal protection claim.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>; <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For the

4

reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED.

2.  Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

3.  This action is DISMISSED with prejudice for failure to state a claim.

4.  A certificate of appealability is DENIED.

5.  All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on _September 27_, 2010.


EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE